CV 14-3474

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LAWRENCE WAGNER and JAMAL MCNISH,

                              Plaintiffs,

    -against-

CITY OF NEW YORK, RICHARD DIGANGI, Individually,
ANTHONY EGAN, Individually, DETECTIVE "JOHN" PARKER,
Individually, and JOHN and JANE DOE 1 through 10, Individually
(the names John and Jane Doe being fictitious, as the true names are
presently unknown),

                              Defendants.

------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

BLOCK, J.

POLLAK, M.J

      Plaintiffs LAWRENCE WAGNER and JAMAL MCNISH, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

    1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

    4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff LAWRENCE WAGNER is an African American man residing in Staten Island, New York.

7.  Plaintiff JAMAL MCNISH is an African American man residing in Staten Island, New York.

8.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.  Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10. That at all times hereinafter mentioned, the individually named defendants, RICHARD DIGANGI, ANTHONY EGAN, DETECTIVE "JOHN" PARKER, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On July 28, 2011, at approximately 1:00 a.m., inside of 101 Elizabeth Street, Staten Island, New York, defendant officers believed to include, but who are not necessarily limited to, RICHARD DIGANGI, ANTHONY EGAN, and DETECTIVE "JOHN" PARKER, unreasonably assaulted and battered plaintiffs LAWRENCE WAGNER and JAMAL MCNISH without cause or justification.

14. In particular, while plaintiff WAGNER was sitting on the floor with his hands raised, a defendant officer struck plaintiff WAGNER in the face with a hard object, believed to be a flashlight or a firearm.

15. After striking WAGNER in the face, defendant officers continued to punch, stomp, and kick WAGNER while he lay on his back on the floor.

16. After assaulting and battering WAGNER, defendant officers turned him over, placed handcuffs on his wrists and removed him the location.

17. While plaintiff MCNISH was sitting on the floor with his hands in the air, defendant officers punched him in the face, then jumped on top of him, and proceeded to strike plaintiff MCNISH with a baton and stomp and kick him about the body.

18. After assaulting and battering plaintiff MCNISH, the officers handcuffed him and ordered him to stand up. When MCNISH stated he could not get up because he was hurt, the defendant officers grabbed him, pulled him to his feet, threw him into wall, and then removed

him from the building.

19. The plaintiffs were thereafter taken from 101 Elizabeth Street to Richmond University Medical Center where they received treatment for the injuries inflicted upon them by the defendant officers.

20. At Richmond University Medical Center, plaintiff WAGNER was diagnosed with injuries including, but not limited, to a 7 centimeter laceration to the left side of his face, which required fifteen stitches to close, swelling to his forehead, left and right side of his face, swelling and ecchymosis to his left periorbital area, multiple scalp contusions, ecchymosis and tenderness to his right arm, and pain to his arms and back.

21. At Richmond University Medical Center, plaintiff MCNISH was diagnosed with injuries including, but not limited, to a 2 centimeter laceration to his right temple with underlying hematoma, swelling and large ecchymosis to his right thigh, swelling and laceration to his right leg, left elbow tenderness, a right hand deformity to the 4th and 5th metacarpals, and pain to this right arm. Plaintiff's temporal laceration was closed with 4 stitches.

22. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained, supervised, and/or disciplined regarding the use of force, and that they engage in a widespread practice of falsification.

23. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to

violate the plaintiffs' civil rights.

24. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train, discipline and supervise them.

25. As a result of the foregoing, plaintiffs LAWRENCE WAGNER and JAMAL MCNISH sustained, *inter alia*, physical injuries, emotional distress, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

26. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "25" with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiffs LAWRENCE WAGNER and JAMAL MCNISH of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32. As a result of the foregoing, plaintiffs LAWRENCE WAGNER and JAMAL MCNISH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

33. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs LAWRENCE WAGNER and JAMAL MCNISH'S constitutional rights.

35. As a result of the aforementioned conduct of defendants, plaintiffs LAWRENCE WAGNER and JAMAL MCNISH were subjected to excessive force and sustained physical and emotional injuries.

36. As a result of the foregoing, plaintiffs LAWRENCE WAGNER and JAMAL MCNISH are entitled to compensatory damages in an amount to be fixed by a jury, and are

further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

37. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants had an affirmative duty to intervene on behalf of plaintiffs LAWRENCE WAGNER and JAMAL MCNISH, whose constitutional rights were being violated in their presence by other officers.

39. The defendants failed to intervene to prevent the unlawful conduct described herein.

40. As a result of the foregoing, plaintiffs LAWRENCE WAGNER and JAMAL MCNISH'S liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

41. As a result of the foregoing, plaintiffs LAWRENCE WAGNER and JAMAL MCNISH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

42. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The supervisory defendants personally caused plaintiffs' constitutional injury by

7

being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

44. As a result of the foregoing, plaintiffs LAWRENCE WAGNER and JAMAL MCNISH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

45. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees, as well as engaging in a practice of falsification, including lying to cover up acts of brutality, that was the moving force behind the violation of plaintiffs LAWRENCE WAGNER and JAMAL MCNISH'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

48. The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs LAWRENCE WAGNER and JAMAL MCNISH.

49. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs LAWRENCE WAGNER and JAMAL MCNISH as alleged herein.

50. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs LAWRENCE WAGNER and JAMAL MCNISH as alleged herein.

51. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs LAWRENCE WAGNER and JAMAL MCNISH were subjected to excessive force.

52. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs LAWRENCE WAGNER and JAMAL MCNISH'S constitutional rights.

53. All of the foregoing acts by defendants deprived plaintiffs LAWRENCE WAGNER and JAMAL MCNISH of federally protected rights, including, but not limited to, the right:

    A.    To be free from excessive force;

    B.    To be free from the failure to intervene.

54. As a result of the foregoing, plaintiffs LAWRENCE WAGNER and JAMAL MCNISH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs LAWRENCE WAGNER and JAMAL MCNISH demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
May 28, 2014

                        LEVENTHAL & KLEIN, LLP
                        Attorneys for Plaintiffs LAWRENCE WAGNER
                        and JAMAL MCNISH
                        45 Main Street, Suite 230
                        Brooklyn, New York 11201
                        (718) 722-4100

                        By: _____
                               BRETT H. KLEIN (BK4744)
                               JASON LEVENTHAL (JL 1067)